# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RANKIN, | Case No.  1:14-cv-854-BAM |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE (Doc. 16) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | ORDER DIRECTING DEFENDANT TO FILE PROOF OF SERVICE OF ADMINISTRATIVE RECORD WITHIN FIVE (5) DAYS |
| Defendant. | |
| | ORDER GRANTING PLAINTIFF 60-DAY EXTENSION OF TIME TO FILE AND SERVE HIS OPENING BRIEF |

Plaintiff Scott Rankin ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this action on June 5, 2014, seeking review of the Commissioner's denial of his social security benefits.  (Doc. 1).

On June 4, 2015, following service of the complaint, the Court issued a Scheduling Order.  The order required Plaintiff to prosecute this action by seeking voluntary remand or filing a dipositive motion within 95 days from service of the administrative record.   (Doc. 14). Defendant filed the administrative record in this action on July 24, 2015.  (Doc. 15). However, Plaintiff did not file a timely opening brief.  As a result, on April 7, 2016, this Court ordered Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to comply

with the Court's scheduling order and Plaintiff's failure to prosecute this action. (Doc. 16).

On April 15, 2016, Plaintiff filed a written response to the Court's order to show cause. In his response, Plaintiff declares under penalty of perjury that until recently he was represented by counsel who has withdrawn.  (Doc. 17 at ¶ 2).  Plaintiff states that he was unaware that an opening brief was overdue and not timely filed.  Plaintiff also declares that because his attorney withdrew from representation, he "did not personally receive notification from the Court."  (*Id.*) Plaintiff indicates that he has been diligently attempting to locate new counsel, but it has been extremely difficult because of the specialized nature of this action and his remote residence in Coarsegold, California.  (*Id.* at ¶ 3).  Plaintiff therefore requests a 120-day extension of time to obtain suitable counsel.  (*Id.* at ¶ 5).

The Court finds Plaintiff's response disingenuous at best.  From the inception of this action, Plaintiff has been proceeding pro se before the Court and has not been represented by counsel.  Further, all Court orders, including the scheduling order issued on June 4, 2015, have been served on Plaintiff by mail at his address in Oakhurst, California.  Moreover, Plaintiff's assertion that he requires additional time to secure legal counsel is unpersuasive.  This action has been pending since June 2014.  Taking into account the difficulties, if any, stemming from the specialized nature of this action and Plaintiff's geographic location, Plaintiff has had nearly two years to retain counsel, which is more than ample time.  For these reasons, the Court will not grant Plaintiff's request for a 120-day extension of time to obtain counsel.

Despite the foregoing determination, and because Plaintiff is proceeding pro se, the Court will discharge the order to show cause and grant Plaintiff a 60-day extension of time to file his opening brief in this action.  To ensure that Plaintiff has received the pertinent records, the Court will require Defendant to file proof of service of the administrative record.

Accordingly, it is HEREBY ORDERED as follows:

1.  The Order to Show Cause issued on April 7, 2016, is DISCHARGED;

2.  Within **five (5) days** of the date of this order**,** Defendant shall file a proof of service of the Administrative Record on Plaintiff at his address of record;

3.  Within **sixty (60) days** following service of this order, Plaintiff shall serve and file an

Opening Brief with the Court and on Defendant.  Defendant's responsive brief shall be filed with the Court and served on Plaintiff within thirty (30) days after service of the Opening Brief.  Plaintiff's reply brief, if any, shall be filed with the Court and served on Defendant within fifteen (15) days after service of Defendant's responsive brief; and

4. **Plaintiff is forewarned that his failure to file an Opening Brief in compliance with this Order will result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders.** *See* Local Rule 110.

IT IS SO ORDERED.

Dated:   **April 20, 2016**                    ___/s/ *Barbara A. McAuliffe*___
                                                           UNITED STATES MAGISTRATE JUDGE