1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RANKIN, | Case No.  1:14-cv-854-BAM |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ORDER DIRECTING CLERK OF COURT TO CLOSE CASE |

Plaintiff Scott Rankin ("Plaintiff"), filed this action *pro se* on June 5, 2014.[1]  (Doc. 1). Pursuant to the Court's June 4, 2015 Scheduling Order, Plaintiff was ordered to file and serve his opening brief on or before October 27, 2015.  (Docs. 14, 19).  After the deadline passed and no opening brief had been filed by Plaintiff as of that date, the Court issued an Order to Show Cause why this action should not be dismissed for Plaintiff's failure to comply with the Court's scheduling order.  (Doc. 16).  Plaintiff filed a response and on April 15, 2016, the Court discharged the Order to Show Cause and gave Plaintiff a sixty-day extension to file his opening brief.  Plaintiff was warned in the order discharging the order to show cause that any future

---

[1]       The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 10, 12).  For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C.§ 636(c); Fed. R. Civ. P. 73; *see also* L.R. 305.

1

1  failure to file an Opening Brief in compliance with the Court's Order would result in dismissal of

2  this action for lack of prosecution and failure to comply with court rules and orders. *See* Local

3  Rule 110.

4        After the extension of time, Plaintiff's opening brief was due on June 22, 2016. When

5  that deadline had expired by two weeks, the Court ordered Plaintiff to file and serve his opening

6  brief within an additional twenty-one days, or by no later than July 27, 2016. (Doc. 20). The

7  Court caused that order to be sent by U.S. Mail to Plaintiff's address of record. The Court again

8  expressly forewarned Plaintiff that if he failed to file his opening brief, the Court would deem

9  such failure a further violation of a Court order justifying dismissal.

10        The July 27, 2016, deadline for Plaintiff to file his opening brief elapsed over two weeks

11  ago and Plaintiff has again failed to file his opening brief.  Nor has Plaintiff sought an extension

12  of time to file his opening brief.  Based on Plaintiff's failure to file his opening brief and the

13  procedural history of this matter, the Court finds it appropriate to dismiss this case.

14                       **DISCUSSION**

15        Local Rule 110 provides that "a failure of counsel or of a party to comply with these

16  Local Rules or with any order of the Court may be grounds for the imposition by the Court of

17  any and all sanctions . . . within the inherent power of the Court."  District courts have the

18  inherent power to control their dockets and "in the exercise of that power, they may impose

19  sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*,

20  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a

21  party's failure to prosecute an action, failure to obey a court order, or failure to comply with

22  local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53 54 (9th Cir. 1995) (dismissal for

23  noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 61 (9th Cir. 1992)

24  (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v.*

25  *King*, 856 F.2d 1439, 1440 41 (9th Cir. 1988) (dismissal for failure to comply with local rule

26  requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833

27  F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v.*

28  *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to

1  comply with local rules).  In determining whether to dismiss an action for lack of prosecution,

2  failure to obey a court order, or failure to comply with local rules, the court must consider

3  several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's

4  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

5  favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

6  *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260 61; *Malone*, 833 F.2d at 130; *Thompson*, 782

7  F.2d at 831; *Henderson*, 779 F.2d at 1423 24.

8        In the instant case, the Court finds that the public's interest in expeditiously resolving this

9  litigation and the Court's interest in managing the docket weigh in favor of dismissal because

10 there is no indication that the Plaintiff intends to prosecute this action.  The third factor, risk of

11 prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises

12 from any unreasonable delay in prosecuting an action.  *Anderson v. Air West,* 542 F.2d 522, 524

13 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is

14 greatly outweighed by the factors in favor of dismissal.

15       As to the last factor, the Court has already attempted less drastic sanctions, without

16 success, and therefore determines that trying them again would be inadequate or inappropriate.

17 Plaintiff's opening brief is over nine months late and he has failed to respond to two court orders

18 requiring Plaintiff to file his opening brief. "Though there are a wide variety of sanctions short of

19 dismissal available, the district court need not exhaust them all before finally dismissing a case."

20 *Nevijel v. N. Coast Life Ins. Co*., 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already

21 attempted the lesser sanction of issuing an Order to Show Cause and giving Plaintiff additional

22 time to file his opening brief. As Plaintiff failed to respond to Court's order, another order

23 requiring Plaintiff to respond is likely to be futile. *See, e.g., Gleason v. World Sav. Bank, FSB*,

24 2013 U.S. Dist. LEXIS 105078, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding

25 dismissal appropriate where the court previously attempted the lesser sanction of issuing an

26 Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, the

27 Order to Show Cause and the Order Requiring Plaintiff to File His Opening Brief expressly

28 warned Plaintiff of the risk of sanctions; thus Plaintiff cannot maintain that the Court has failed

in its "obligation to warn the plaintiff that dismissal is imminent." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132 33; *Henderson*, 779 F.2d at 1424. Accordingly, the Court finds that the fifth factor also weighs in favor of dismissal.

## CONCLUSION

For the reasons explained above, the Court finds that dismissal is the appropriate sanction and HEREBY ORDERS as follows:

1. This action is dismissed, without prejudice, for failure to prosecute and for failure to obey a court order; and

2. The Clerk of the Court shall enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated:   __**August 11, 2016**__          ____/s/ *Barbara A. McAuliffe*____
                                          UNITED STATES MAGISTRATE JUDGE

4